NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
F I L E D
SEP 0 9 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-192-KSF

SHAMEKA BROOKS                                                              PETITIONER

VS.            **MEMORANDUM OPINION AND ORDER**

WARDEN JOE BOOKER, JR.                                                      RESPONDENT

The plaintiff, an inmate at the FMC Atwood Satellite Camp in Lexington, Kentucky, has filed a *pro se* and *in forma pauperis* action allegedly brought pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Because the only relief the plaintiff seeks is release from a higher level of confinement to a lower level of confinement (a community corrections center), this action is a 28 U.S.C. §2241 writ of habeas corpus. *See Wiederhorn v. Gonzales*, 2005 WL 1113833 (D.Or., May 9, 2005); *Pimentel v. Gonzales*, 367 F.Supp.2d 365 (E.D. New York, May 3, 2005) (and cases cited therein); *Wiesel v. Menifee,* 2005 WL 1036297 (S.D.N.Y., May 2, 2005); *United States v. Paige,* 369 F.Supp.2d 1257 (D. Montana, April 22, 2005); *Cook v. Gonzales,* 2005 WL 773 956 (D. Or., April 5, 2005). To obtain relief under 28 U.S.C. §2241, Petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(b)(3).

CLAIM

The petitioner alleges her Eighth and Fourteenth Amendment rights have been violated because the Bureau of Prisons has arbitrarily and capriciously failed to exercise discretion that

1

under 18 U.S.C. §3624(c) it is statutorily required to exercise and, therefore, the BOP has patently denied her an earlier release to a community corrections center ("CCC") without affording her situation the deference to which she is statutorily entitled. The petitioner alleges the BOP has done so by the mechanical application of 28 C.F.R. §§570.20-21 and its arbitrary 10% standard established in February of 2005. She claims that because of her unique circumstances, she is entitled to a CCC placement that is longer than the last ten percent of her sentence and that may encompass the full six months prior to her projected release date.

## DEFENDANTS/RESPONDENTS

The solely named respondent is Warden Joe Booker, Jr..

## RELIEF

The petitioner, who is within the last six months of completing service of her sentence, seeks immediate release to a community corrections center.

## EVALUATION

The petitioner asserts that she is entitled to an immediate transfer to a CCC to complete her term of imprisonment.

The petitioner claims that pursuant to Bureau of Prisons' Program Statement 7310.04, the BOP has authority to place sentenced prisoners in community corrections centers, since such centers comply with 18 U.S.C. §3621(b)'s definition of a penal or correctional facility. BOP P.S. 7310.04 (issued in 1998) set forth that the BOP is not restricted by §3624(c) in designating an inmate's CCC placement. Thus, under BOP P.S. 7310.04, formerly the BOP could exercise its discretion to place an inmate in a CCC for more than the last ten percent of the inmate's term, or up to six months.

2

On December 13, 2002, however, a memorandum opinion was issued by the Attorney General's Office of Legal Counsel (hereinafter "OLC"). The memorandum strangely concluded that the longstanding BOP P.S. 7310.04 CCC assignment practices were now peculiarly considered to be in contravention of 18 U.S.C. § 3621(b). The OLC memo concluded that an inmate may not be in a CCC placement for more than six months, or the last ten percent of the sentence, whichever is less.

On or about December 20, 2002, the Department of Justice and the BOP suddenly eliminated any potential for a six-month CCC placement for those whose ten percent date was less than six months when it enacted a new CCC placement policy which prohibits CCC placements/transfers before 10% of the end of a term of imprisonment. In 2004, these new rules were codified at 28 C.F.R. §§570.20-570.21. Those new rules became effective February 14, 2005. The petitioner basically challenges the validity of the February 14, 2005 C.F.R.'s.

The petitioner claims the BOP has arbitrarily and capriciously, and in violation of her due process rights, failed to exercise authority it possesses pursuant to 18 U.S.C. §3621(b) to consider her for a six-month date CCC placement, and the BOP has mistakenly followed the errant 2002 OLC Memorandum Opinion and/or 28 C.F.R. §570.21-22.

Considerable legal support exists for the petitioner's position. *See Wiederhorn v. Gonzales*, 2005 WL 1113833 (D.Or., May 9, 2005) (and cases cited therein). "The validity of these new regulations [28 C.F.R. §570.21-22] is highly suspect". . . in that both circuit courts that have examined the question have found the regulations to be invalid. *Id.* at *2 (citing *See Goldings v. Winn*, 383 F.3d 17, 23-27 (1st Cir. 2004); *Elwood v. Jeter*, 386 F.3d 842, 846-47 (8th Cir. 2004)).

3

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

This action is construed as being brought pursuant to 28 U.S.C. §2241.

Two different sources of exhaustion *could potentially* be applicable to a §2241 writ: (1) PLRA statutorily required exhaustion and (2) judicially created exhaustion.

### 28 U.S.C. §2241 and PLRA Exhaustion Requirements

The Sixth Circuit Court of Appeals has never required application of the Prison Litigation Reform Act's 42 U.S.C. §1997e(a) exhaustion requirement to a 28 U.S.C. §2241 writ of habeas corpus. " [T]he explicit exhaustion requirements which are contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Prison Litigation Reform Act (PLRA) do not apply to habeas petitions filed under 28 U.S.C. §2241." *United States v. West*, No. Civ. 03-CV-70239-DT, 2003 WL 1119990 (E.D. Mich., Feb. 20, 2003) (citing *Hicks v. Hood*, 203 F.Supp.2d 379, 382 (D.Or. 2002)). The exhaustion requirements imposed by the PLRA are inapplicable to 28 U.S.C. §2241 actions filed by federal prisoners challenging the execution of their sentence. *Graham v. Snyder*, 68 Fed.Appx. 589 (6th Cir., 2003).

Elsewhere, the PLRA exhaustion requirement is not applicable to 28 U.S.C. §2241 writs of habeas corpus. *Monahan v. Winn*, 276 F.Supp.2d 196 (D. Mass., Aug. 12, 2003) (addressing a challenge to the BOP's new CCC policy of no longer designating offenders to CCC's, the court held that the Prison Litigation Reform Act's 42 U.S.C.A. §1997e(a) exhaustion requirement did not apply because the petitioner was not challenging conditions of confinement, but, instead, was challenging the manner, location or conditions of sentence execution) (relying on *Davis v. Fechtel,* 150 F.3d 486, 490 (5th Cir. 1998)). The PLRA has been deemed inapplicable to any requests for collateral relief under 28 U.S.C. §§2241, 2254 or 2255. *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). In

4

*Walker*, the court held:

> in keeping with the decisions in *Davis v. Fechtel*, 150 F.3d 486, 488-90 (5th Cir. 1998); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811-12 (10th Cir. 1997); and *Blair -Bey v. Quick*, 151 F.3d 1036, 1039-41 (D.C. Cir. 1998) that the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254 or 2255. See also *Martin v. Bissonette*, 118 F.3d 871, 974 (1st Cir. 1997) (holding broadly that PLRA does not apply to habeas corpus petitions filed by state prisoners); *Reyes v. Keane*, 90 F.3d 676, 678 (2d Cir. 1996) (same with respect to habeas corpus actions); *Santana v. United States*, 90 F.3d 752, 756 (3d Cir. 1996) (same with respect to actions under 28 U.S.C. §§2254 and 2255); *Smith v. Angleone*, 111 F.3d 1126, 1131 (4th Cir. 1997) (same with respect to habeas corpus actions); *Kincaid v. Sparkman*, 117 F.3d 949, 950-51 (6th Cir. 1997) (same with respect to actions under 28 U.S.C. §§2254 and 2255); *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997) (same with respect to habeas corpus actions); *Anderson v. Singletary*, 111 F.3d 801, 806 (11th Cir. 1997) (same with respect to actions under 28 U.S.C. §§2254 and 2255).

*Id.* at 629. 28 U.S.C. §§2241, 2254 and 2255 filings have been deemed not covered by the PLRA. *Harris v. Garner,* 216 F.3d 970, 979 at n.7 (11th Cir. 2000) (citing *See Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997)) ("Congress promulgated the PLRA to curtail prisoner tort, civil rights and conditions litigation, not the filing of habeas corpus petitions.") In sum, the PLRA's 42 U.S.C. §1997e(a) exhaustion requirement is not applicable to the petitioner's 28 U.S.C. §2241 writ of habeas corpus.

<u>28 U.S.C. §2241 and Judicially Created Exhaustion Requirements</u>

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (*per curiam*). Only after a federal prisoner seeking §2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§542.10-.16 (1997) (and not pursuant to PLRA

5

provision §1997e(a)) may the prisoner then seek §2241 judicial review. *United States v. Oglesby,* 52 Fed.Appx. 712, *714, 2002 WL 31770320 (6th Cir. 2002) (citing *United States v. Wilson,* 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Cobleigh,* 75 F.3d 242, 251 (6th Cir. 1996)). The exhaustion of administrative remedies procedure required of a §2241 petitioner is not a statutory (PLRA) requirement, but, instead, is a wholly judicially created requirement. *See Wesley v. Lamanna,* 27 Fed. Appx. 438, 2001 WL 1450759 (6th Cir. (Ohio)).

The judicially imposed non-statutory exhaustion of Bureau of Prisons administrative remedies for a federal prisoner seeking to bring a 28 U.S.C. §2241 petition are set out at 28 C.F.R. §§542.10-.16 (1987). Section 542.13(a) demands that an inmate informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy (BP-8 1/2). If the inmate cannot informally resolve his complaint, then he may file a formal written complaint (BP-9) "within fifteen (15) calendar days of the date on which the basis of the complaint occurred." *See* §542.13(b). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) that decision to the Office of General Counsel. *See* §542.15.

Unlike a PLRA-imposed exhaustion requirement, a judicially created administrative remedy exhaustion requirement permits waiver of further exhaustion in the face of futility. *Aaron v. LaManna,* 4 Fed.Appx. 232, 2001 WL 128349 (6th Cir. (Ohio)) (citing *See McKart v. United States,* 395 U.S. 185, 200, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply"); *Goar v. Civiletti,* 688 F.2d 27, 28-29 (6th Cir. 1982)). Resort to

6

administrative remedies is futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1339 (D.C. Cir. 1987).

Consequently, the petitioner must exhaust BOP administrative remedies *unless* she can establish futility.

### This Petitioner's Exhaustion Status

On either December 17 or 30, 2004, the petitioner filed a BP-9 administrative remedy regarding her CCC placement request. It was denied on January 6, 2005.

On January 19 or 20, 2005, the petitioner filed a BP-10 Regional Administrative Remedy Appeal. On January 24, 2005, a Regional Administrative Remedy Appeal response was filed. The petitioner claims her BP-10 was denied on February 15, 2005.

On February 25, 2005, the petitioner filed a BP-11. Receipt of that BP-11 was acknowledged on March 3, 2005. By March 24, 2005, the petitioner had not received a response so she wrote a letter inquiring of the General Counsel as to why no response had been forthcoming. The BOP extended the date by which their response was due to May 2, 2005. The petitioner claims that May 2, 2005, passed and no response has ever been forthcoming. She contends that unspecified BOP regulations and case law establishes that the BOP's failure to answer is deemed a denial. The petitioner, in essence, claims that pursuant to 28 C.F.R. §542.18, she may consider the BOP's absence of a timely response to be a denial of her BP-11.

### Futility of Further Exhaustion

The petitioner asserts that further exhaustion is futile and should not be a cause for this Court

to delay deciding her claims on the merits. She, in essence, claims it is futile to require any further exhaustion as a prerequisite to addressing her claims on the merits because the BOP has made such a clear and consistent and widespread stand against her request.

As there has been a prior indication evidencing a strong BOP position on the issue together with an unwillingness to reconsider, resort to administrative remedies for this petitioner is futile. *James v. United States Dept. of Health and Human Services,* 824 F.2d 1132, 1339 (D.C. Cir. 1987). Further exhaustion for the petitioner is futile and, thus, further exhaustion is waived. *Aaron v. LaManna,* 4 Fed.Appx. 232, 2001 WL 128349 (6th Cir. (Ohio)); *Goar v. Civiletti,* 688 F.2d 27, 28-29 (6th Cir. 1982). This petitioner's exigencies of having her opportunity to enjoy any success she may have on the merits if her case is further "strung out" affords her the necessary waiver of further exhaustion. *Gutierrez v. United States,* slip op. No. 03-CV-1232(FB), 2003 WL 21521759 (E.D. N.Y., July 3, 2003).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The respondent in this action is Joe Booker.

(2) The Clerk of the Court shall serve by certified mail a copy of the petition and this Order upon Respondent Warden Booker, and on the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(3) Respondent, by counsel, shall answer or otherwise defend within twenty (20) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(4) Upon entry of a response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(5) The petitioner shall keep the Clerk of the Court informed of her current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(6) For every further pleading or other document she wishes to submit for consideration by the Court, the petitioner shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff/petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the  9th  day of  Sept. , 2005.

_____
KARL S. FORESTER, SENIOR JUDGE